Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Dan Fruchter
Tyler H.L. Tornabene
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | 2:22-CR-89-TOR |
|---|---|
| Plaintiff, | INDICTMENT |
| v. | Vio: 18 U.S.C. § 1343<br>Wire Fraud<br>(Counts 1-4) |
| DONDRE CHARLES JACKSON, | |
| Defendant. | 18 U.S.C. § 287<br>False, Fictitious, or Fraudulent Claims<br>(Counts 5-6) |
| | 18 U.S.C. § 981<br>28 U.S.C. § 2461<br>Forfeiture Allegations |

The Grand Jury charges:

General Allegations

1. At all times relevant to this Indictment, Defendant DONDRE CHARLES JACKSON ("Defendant"), was a resident of Moses Lake, Washington, in the Eastern District of Washington.

2. The Coronavirus Aid, Relief, and Economic Security Act ("CARES" Act) was a federal law enacted on March 27, 2020, designed to provide emergency

INDICTMENT – 1

financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and other certain expenses, through a program referred to as the Paycheck Protection Program ("PPP").

3. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the applicant (through its authorized representative) was required to state, among other things: (a) its average monthly payroll expenses; and (b) its number of employees. If the applicant had no employees other than the owner, the applicant was required to provide the gross income amount from a 2019 or 2020 IRS Form 1040, Schedule C. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. Additionally, the applicant was required to certify that they were in operation as of February 15, 2020. The applicant was also required to certify that the information in the application was true and correct to the best of the applicant's knowledge.

4. A business's PPP loan application was received and processed, in the first instance, by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. Data from the application, including information about the borrower, the total amount of the loan, the listed number of employees, and the gross income amount, was transmitted by the lender to the Small Business Administration ("SBA"), an agency of the United States, in the course of processing the loan.

5. PPP applications are received in cloud-based platforms. The location of the server through which the PPP application is submitted is based on the date

INDICTMENT – 2

the application was processed by the SBA and the application number. During the time period relevant to this Indictment, all PPP applications were received through the Summit platform, a cloud-based platform utilizing the AWS GOV cloud servers located in Oregon. PPP lenders submitted disbursement details into the SBA E-Tran system in Sterling, Virginia. E-Tran transmitted the PPP processing fee to the lender through the FMS system to the Treasury. The primary server for FMS is in Sterling, Virginia.

### The Scheme

6. The allegations in paragraphs 1 through 5 of this Indictment are incorporated as though realleged herein.

7. Beginning no later than on or about April 15, 2021, and continuing through at least June 30, 2021, in the Eastern District of Washington and elsewhere, Defendant devised and intended to devise a scheme to defraud the SBA, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

8. Specifically, Defendant applied for and received two PPP loans using false information about his purported company, "Dondre Jackson," with the intent to defraud, steal, and convert the proceeds of the PPP loans for Defendant's personal use and without any intent to use the proceeds thereof for any authorized purpose, or any intent to repay the PPP loans.

### Manner and Means

#### Application for PPP Loan No. 4715988810

It was part of this scheme that:

9. On or about April 15, 2021, Defendant submitted an application for PPP Loan No. 4715988810 to the SBA under the name of his purported catering business in his own name, that is, "Dondre Jackson." In the application, Defendant listed the "business address" of the purported business as his own personal address as found on his Washington State Driver's License.

INDICTMENT – 3

1   10.   Defendant falsely stated in the application that the business was
2 established on January 1, 2019, that it had one employee, and that it had a gross
3 income of $103,208.00 in calendar year 2019. Defendant further submitted a false,
4 fraudulent, and fictitious IRS Form 1040, Schedule C in support of his application,
5 which falsely set forth purported gross business income of $103,208 for 2019.
6   11.   Defendant certified that the information in the application was true
7 and accurate, subject to criminal penalties for knowingly making false statements.
8   12.   The representations and certifications made by Defendant on the
9 application for PPP Loan No. 4715988810 were materially false and Defendant
10 knew they were false at the time they were made. During all time periods relevant
11 to this Indictment, Defendant did not have a registered, active, or legitimate
12 business, and did not have business income of $103,208.00, or any business
13 income, during 2019, as falsely set forth in his PPP application as well as the
14 fraudulent IRS Form 1040, Schedule C, that Defendant submitted in support of his
15 PPP application. Accordingly, neither Defendant nor his fictitious catering
16 business were eligible for any PPP funding.
17   13.   Using the above materially false information on the application for
18 PPP Loan No. 4715988810, Defendant applied for a PPP loan of $20,833.00
19 through lender Benworth Capital. As a result of the fraud and relying on the
20 materially false and fraudulent representations and certifications made by
21 Defendant, on or about April 16, 2021, the lender approved Defendant's PPP loan
22 for $20,833.00.
23   14.   On April 16, 2021, as a result of the fraudulent scheme described
24 above, and the materially false and fraudulent information supplied by Defendant
25 the SBA approved the requested PPP Loan No. 4715988810. On or about June 30,
26 2021, Benworth Capital, in the State of Florida, electronically disbursed
27 $20,833.00 in PPP funding using interstate wires to Defendant's account with
28

INDICTMENT – 4

1  Sutton Bank with account number ending in 8460, linked to his mobile Square
2  account in the Eastern District of Washington.

3  <u>Application for PPP Loan No. 5458679004</u>

4  It was further part of the scheme that:

5  15.  On or about May 20, 2021, after PPP Loan No. 4715988810 had been
6  approved, but before it had been disbursed, Defendant submitted an additional PPP
7  loan application, for PPP Loan No. 5458679004, to the SBA for his purported
8  catering business in his own name.  In the application, Defendant listed the
9  "business address" of the purported business as his own personal address as found
10 on his Washington State Driver's License.

11 16.  Defendant falsely stated in the application that the business was
12 established on January 1, 2019, that it had one employee, and that it had a gross
13 income of $103,208.00 in calendar year 2019.  Defendant further submitted a false,
14 fraudulent, and fictitious IRS Form 1040, Schedule C in support of his application,
15 which falsely set forth purported gross business income of $103,208 for 2019.

16 17.  Defendant certified that the information in the application was true
17 and accurate, subject to criminal penalties for knowingly making false statements.

18 18.  The representations and certifications made by Defendant on the
19 application for PPP Loan No. 5458679004 were materially false and Defendant
20 knew they were false at the time they were made.  During all time periods relevant
21 to this Indictment, Defendant did not have a registered, active, or legitimate
22 business, and did not have business income of $103,208.00, or any business
23 income, during 2019, as falsely set forth in his PPP application as well as the
24 fraudulent IRS Form 1040, Schedule C, that Defendant submitted in support of his
25 PPP application.  Accordingly, neither Defendant nor his fictitious catering
26 business were eligible for any PPP funding.

27 19.  On or about May 22, 2021, as a result of the fraudulent scheme
28 described above, and the materially false and fraudulent information supplied by

INDICTMENT – 5

Defendant, the SBA approved the requested PPP Loan No. 5458679004. On or about June 3, 2021, Harvest Small Business Finance, LLC, disbursed $29,166.00 to Defendant's Eastern District of Washington bank account with JP Morgan Chase ending in 9518. At the time of disbursement of this PPP Loan, the JP Morgan Chase Account held less than two dollars.

Counts 1-4

20. The allegations in paragraphs 1 through 19 of this Indictment are incorporated as though realleged herein.

21. On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, Defendant, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Description |
| --- | --- | --- |
| 1 | April 15, 2021 | PPP Loan Application for PPP Loan No. 4715988810, electronically submitted from the Eastern District of Washington to the SBA in Oregon. |
| 2 | May 20, 2021 | PPP Loan Application for PPP Loan No. 5458679004, electronically submitted from the Eastern District of Washington to the SBA in Oregon. |
| 3 | June 3, 2021 | EFT payment in the amount of $29,166.00 for PPP Loan No. 5458679004 from Harvest Small Business Finance, LLC, in the State of California to Defendant's JP Morgan Chase Account in the Eastern District of Washington ending in 9518. |
| 4 | June 30, 2021 | EFT payment in the amount of $20,833.00 for PPP Loan No. 4715988810 from Benworth Capital, in the State of Florida to Defendant's account with Sutton Bank with account number ending in 8460, linked to his mobile Square account in the Eastern District of Washington. |

All in violation of 18 U.S.C. § 1343.

INDICTMENT – 6

## Counts 5-6

22. The allegations in paragraphs 1 through 21 of this Indictment are incorporated as though realleged herein.

23. On or about each of the dates set forth below, in the Eastern District of Washington and elsewhere, Defendant made and presented to the United States Small Business Administration ("SBA") claims concerning PPP applications, knowing said claims were false and fraudulent, and knowing the information submitted was materially false and fraudulent, described below for each count, each claim constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 5 | April 15, 2021 | PPP application for PPP Loan No. 4715988810 for a PPP loan in the amount of $20,833.00, including false and fraudulent IRS Form 1040, Schedule C submitted therewith. |
| 6 | May 20, 2021 | PPP application number for PPP Loan No. 5458679004 for a PPP loan in the amount of $29,166.00, including false and fraudulent IRS Form 1040, Schedule C submitted therewith. |

All in violation of 18 U.S.C. § 287.

## NOTICE OF FORFEITURE ALLEGATIONS

The allegations contained in this Indictment are hereby realleged and incorporated herein by this reference for the purpose of alleging forfeitures. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. § 1343, as alleged in Counts 1 through 4 of this Indictment, Defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

INDICTMENT – 7

MONEY JUDGMENT

A sum of money equal to $49,999.00 in United States currency, representing the amount of proceeds obtained by Defendant from the wire fraud violations.

If any of the property described above, as the result of any act or omission of Defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

DATED this 19TH day of July, 2022.



Vanessa R. Waldref
United States Attorney

Dan Fruchter
Assistant United States Attorney

Tyler H.L. Tornabene
Assistant United States Attorney

INDICTMENT – 8